# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| DOUGLAS T. CURRIE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:09-cv-00243 |
| | ) |
| AUSTIN MOHAWK AND COMPANY, INC., | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This case was filed in the United States District Court for the Northern District of Indiana, Fort Wayne Division, based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Docket # 1.) The Complaint alleges that Plaintiff Currie is a resident of the state of Indiana and that Defendant Austin Mohawk and Company, Inc., is a "for-profit limited liability corporation that is incorporated in New York and has its principal place of business in New York." (Compl. ¶¶ 2-3.)

Plaintiff's Complaint, however, is inadequate, because the "residency" of a party is meaningless for purposes of diversity jurisdiction, as "citizenship is what matters."[1] *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28

---

[1] For purposes of determining diversity jurisdiction, each party's citizenship must be articulated as of "the time of the filing of the complaint," rather than the date the claims are alleged to have arisen or some other time material to the lawsuit. *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992).
  Moreover, "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, No. Civ. 06-753-GPM, 2006 WL 4017975, at *10 n.1 (S.D. Ill. Dec. 7, 2006) (citing *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World, LLC*, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003); *Multi-M Int'l, Inc.*, 142 F.R.D. at 152.

U.S.C. § 1332); *see* 28 U.S.C. § 1332. "It is well-settled that when the parties allege residence but not citizenship, the court must dismiss the suit." *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) (internal quotation marks and citation omitted)); *see generally Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 677-78 (7th Cir. 2006).

Therefore, the Court must be advised of each party's citizenship, not residency. As to Plaintiff Currie, "[f]or natural persons, state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993); *see also Am.'s Best Inns, Inc.*, 980 F.2d at 1074 ("In federal law citizenship means domicile, not residence.").

The citizenship analysis for a business (and, by extension, whether diversity jurisdiction is proper) is dictated by that business' method of organization. Corporations "are deemed to be citizens of the state in which they are incorporated *and* of the state in which they have their principal place of business." *N. Trust Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir. 1990) (emphasis added); *see* 28 U.S.C. § 1332(c)(1). A limited liability company's ("LLC") citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Moreover, citizenship must be "traced through multiple levels" for those members of the LLC, as anything less can result in a dismissal or remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

Plaintiff has alleged that Defendant is a "for-profit limited liability corporation that is incorporated in New York and has its principal place of business in New York." (Compl. ¶ 3.) Such an entity does not exist. A corporation "is merely an incorporated association, that is, an association which, by complying with certain conditions prescribed by law, is clothed with

2

corporate authority" to conduct business. 18 C.J.S. *Corporations* § 1 (2009). "A limited liability *company*, or LLC, is a hybrid business entity that offers all of its members limited liability as if they were shareholders of a corporation but treats the entity and its members as a partnership for tax purposes." NTS AM. JUR. 2D *Limited Liability Companies* § 1 (2009) (emphasis added).

Therefore, the Court must first be advised as to Defendant's status as either a corporation or a limited liability company. If Defendant is in fact organized as a limited liability company, the Court must then be advised of the citizenship of each member to ensure that no members share a common citizenship with Plaintiff. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006).

Therefore, Plaintiff is ORDERED to file an Amended Complaint forthwith that properly identifies Plaintiff's state of citizenship and the Defendant's status as either a corporation or a limited liability company. If Defendant is an LLC, Plaintiff must trace the citizenship of its members through all applicable layers of ownership.

SO ORDERED.

Enter for this 28th day of August, 2009.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge